UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEAN HUMPHRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>GREEN TREE SERVICING,<br><br>    Defendant. | Civil Action No. 14-8 (JEB) |

## ORDER

*Pro se* Plaintiff Sean Humphries has filed a one-paragraph Complaint that alleges in its entirety:

> The complaints set forth by me are outlined in the documents including Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Intentional infliction of Emotional Distress, Violation of Tila Violation of Respa and Violation of Hoepa.. My mother willed the property 4946 Jay Street to me, however, she had some business with Countrywide in 2004.  However my attempts to assume the loan have been thwarted and there is belief that the loan is toxic anyway.  The current cycle is in the hands of Green Tree.  I am asking the court to hear the charges outlined in these documents and to rule in my behalf against Green Tree on the original loan itself.

ECF No.1 at 1 (errors in original).  The Complaint then attaches 165 pages of documents, including a lengthy, unsigned, and apparently unfiled pleading that is captioned as a complaint by Rosalind Humphries, apparently Plaintiff's mother, against a number of defendants, including Countrywide Home Loans, but not Defendant Green Tree.  See id. at ECF pp. 6-38.

Green Tree has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim.  In response, Plaintiff has submitted a letter to the Court, entitled "Answer to Motion to Dismiss the Complaint," which the Court will construe as an

Opposition.  See ECF No. 7.  There he makes other arguments regarding the loan, claiming that it is "a toxic loan due to the origination of the loan with Countrywide, which in turn Bank of America and now Green Tree is in possession of."  Opp. at 1.  "The Court will not take these allegations into consideration, because it is axiomatic that the plaintiff may not amend her complaint through facts first alleged in an opposition brief."  Miles v. University of the District of Columbia, No. 12-378, 2013 WL 5817657, at *9 n.4 (D.D.C. Oct. 30, 2013) (citation omitted).

Even "treat[ing] the complaint's factual allegations as true . . . and [granting] plaintiff 'the benefit of all inferences that can be derived from the facts alleged,'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted), the Court can discern no set of facts alleging particular misconduct by Green Tree.  Where Plaintiff has not made out any claims against the sole Defendant in the case or explained how he (as opposed to his mother) has an actual cause of action, the Court cannot entertain the matter.

As the Court is mindful that complaints filed by *pro se* litigants are held to "less stringent standards than [those applied to] formal pleadings drafted by lawyers," see Haines v. Kerner, 404 U.S. 519, 520 (1972), and as this is Plaintiff's first attempt, the Court will offer him one more chance.  If he wishes to proceed, he may file an amended complaint that clearly sets forth what claims he personally (or in some representative capacity) has against Green Tree.  If he does not do so in the time provided, the case will be dismissed.

The Court, therefore, ORDERS that Plaintiff may file an amended complaint by March 12, 2014, or the matter will be dismissed.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 19, 2014